OPINION OF THE COURT — by the
Hoar. JOHN BLACK
Joseph Wrenn purchased from William Thompson in his life time a tract of land on Homochitto. Thompson gave to Winn a bond conditioned to make titles thereto when he should receive a patent from the United States for the same, and took Winn’s promissory note for the purchase money. An execution afterwards issued from the District Court of the United States against Winn, by virtue of which the marshall sold the right, title and interest of Winn to this tract of land, and Meade, the complainant, became the purchaser at such sale. Thompson subsequently obtained a judgment in the Circuit Court of Franklin county against Winn for the amount of the purchase money. An execution issued on the judgment, by virtue of which the sheriif sold the interest of Winn in the land, aud Thompson himself became the purchaser. Meade files this bill, and prays that Thompson may be decreed to convey to him the land in question, which thé defendant resists until the purchase money shall be paid, and insists on his prior equitable lien. If a conveyance had been actually made by Thompson to Wynn, vesting in him the legal estate, there can be no doubt but the complainant, a purchaser without notice, would take the land discharged of the lien, attaching to it an account of the purchase money — but he was the purchaser of an equitable title only, and was sub; ject to do all the equity which Winn would be compelled to if he were complainant. The purchaser of an equity takes it, subject to all equity. 7 Cranch. 34. Meade cannot sustain this bill without offering to pay the purchase money.
*451 ^Declarations of Thompson made at the sheriff’s sale are relied on as-waiver of his lien. Thompson was present at the sale, under his execution, and stated (to some of the bidders expressing a doubt whether Winn had a title) that if any person became the purchaser,-he-would convey to Winn, by means of which the title would become complete in him. I gather nothing more from all that was said by Thompson on that occasion, than this — that he was willing to waive his lien in favor of any purchaser at that sale, in order to encourage those present to bid a handsome sum, which was to go to the extinguishment of the purchase money. I cannot understand this as a waiver of his right to a previous purchaser at marshall’s sale. If he had intended any thing for his benefit, why sell the land again? Moreover, I doubt whether Thompson promised the bidders at the sale of the sheriff to do more than the law would have compelled him to do in the event of any one becoming a purchaser at that sale. The judgment was for the purchase money; the execution was levied on the same land that was sold to Winn; the money bid was to go in extinguishment of the purchase money. It appears to me, that the land would not have been subjected in the hands of any purchaser at that sale to any further lien.
Complainant’s bill must be dismissed.
Judges Turner, Nicholson and Cage concurred.